In the Matter of RENARD A. BARONE, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 2, 1990

### APPEARANCES OF COUNSEL

*Gary L. Casella (Maryann Yanarella* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

On June 22, 1989, the respondent was found guilty, upon a

jury verdict, of knowingly making false material declarations to a Federal Grand Jury in violation of 18 USC § 1623 (two counts) and knowingly attempting to evade and defeat income taxes in violation of 26 USC § 7201. On September 29, 1989, the respondent was sentenced to three concurrent terms of three years' imprisonment and fined $10,000 and a special assessment of $150.

The Federal felony of knowingly making false declarations before a Grand Jury in violation of 18 USC § 1623 is essentially similar to New York Penal Law § 210.15, perjury in the first degree, a class D felony.

Pursuant to Judiciary Law § 90 (4), the respondent ceased to be an attorney and counselor-at-law upon his conviction of a felony.

Accordingly, the petitioner's motion is granted. The respondent is disbarred and his name stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., THOMPSON, BRACKEN, BROWN and LAWRENCE, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Renard A. Barone is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Renard A. Barone is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.