[729 NYS2d 186]

In the Matter of RUSSELL CARBONE (Admitted as RUSSELL JOHN CARBONE), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, August 13, 2001

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse,* Brooklyn, for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By decision and order of this Court dated December 23, 1999,

the respondent was immediately suspended from the practice of law pursuant to Judiciary Law § 90 (4) (f) as a result his conviction in the United States District Court for the Southern District of Florida. A jury convicted him of multiple felony counts of an indictment charging him with conspiracy, in violation of 18 USC § 371; subornation of perjury, in violation of 18 USC § 1622; obstruction of justice, in violation of 18 USC § 1503; and false declarations before a court, in violation of 18 USC § 1623. At the time, the respondent had not yet been sentenced. This Court, accordingly, imposed an interim suspension and directed the respondent to immediately apprise it of his sentencing upon the Federal felonies, pursuant to *Matter of Delany* (87 NY2d 508), at which point the Court would address the issue of whether his Federal felony conviction is essentially similar to a New York felony, thus warranting his automatic disbarment, or whether it constitutes a serious crime, which would, instead, necessitate the continuation of his interim suspension, the authorization of a disciplinary proceeding, and the designation of a Special Referee.

By letter dated April 11, 2001, the petitioner informed the Court that the respondent was sentenced on February 20, 2001, to a term of 60 months imprisonment on the convictions of conspiracy, subornation of perjury, and perjury, and to a consecutive term of 120 months imprisonment on the conviction of obstruction of justice. Upon release from prison, the respondent is to be placed on supervised release for two years. The certificate of conviction notes that the respondent shall remain on bond pending resolution of his appeal to the United States Court of Appeals for the Eleventh Circuit.

One of the Federal felonies of which the respondent was convicted, making false declarations, in violation of 18 USC § 1623, is essentially similar to the New York class D felony of perjury in the first degree, in violation of Penal Law § 210.15 (*see, Matter of McSherry*, 275 AD2d 103; *Matter of Barone*, 155 AD2d 104).

Pursuant to Judiciary Law § 90 (4), the respondent ceased to be an attorney and counselor-at-law upon his conviction of a felony.

Accordingly, the petitioner's motion is granted. The respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

BRACKEN, P. J., O'BRIEN, RITTER, SANTUCCI and S. MILLER, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Russell Carbone, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see*, 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Russell Carbone, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.